ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI-DJ 2025-063A

| | | |
|---|---|---|
| **JOSÉ GUILLERMO MELÉNDEZ BERMÚDEZ**<br><br>Recurrido<br><br>v.<br><br>**MICHELLE CLARK y OTROS**<br><br>Codemandados<br><br>**CHUBB INSURANCE COMPANY OF PUERTO RICO**<br><br>Peticionario | TA2026CE00496 | **CERTIORARI**<br>procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Caso Núm.:<br>**CA2025CV04085**<br><br>Sobre:<br>Daños y otros |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de mayo de 2026.

Comparece ante nos Chubb Insurance Company of Puerto Rico (Chubb o Peticionaria) mediante el presente recurso de *certiorari* presentado el 23 de abril de 2026. Nos solicita la revocación de la *Orden* dictada el 27 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[1] En virtud de la referida determinación, el foro primario declaró no ha lugar la *Moción Solicitando Desestimación Conforme a la Regla 10.2* presentada por la Peticionaria.[2]

Por los fundamentos que expondremos a continuación, denegamos expedir el auto discrecional de *certiorari*.

**I.**

El caso de autos tuvo su génesis el 15 de diciembre de 2025, cuando el señor José Guillermo Meléndez Bermúdez (Sr. Meléndez

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 57.
[2] *Íd.*, Entrada Núm. 50.

Bermúdez) radicó una *Demanda* en contra de la señora Michelle Clark, el señor Luis Rodríguez y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, Clark-Rodríguez); y el señor Víctor Rivera Cueto (Sr. Rivera Cueto), su esposa y la Sociedad Legal de Bienes Gananciales, compuesta por ambos por daños y perjuicios.[3] El Recurrido adujo que hay varios daños en su apartamento que fueron producto de unas filtraciones. En cuanto al matrimonio Clark-Rodríguez, especificó que la mala instalación de su aire acondicionado provoca filtraciones en su residencia, particularmente en la habitación máster. Además, describió que el baño del matrimonio Clark-Rodríguez también ha provocado filtraciones en las paredes de su baño.

Por otro lado, sobre el Sr. Rivera Cueto, el Recurrido informó que la instalación del aire acondicionado en el balcón resulta en que el desagüe provoque filtraciones que causan daños a la cortina, piso y habitaciones de su apartamento. A esos efectos, el 9 de enero de 2025, el Sr. Meléndez Bermúdez realizó una reclamación judicial. Por todo lo cual, solicitó una suma ascendente a $15,000.00 por los daños causados a la propiedad; $5,000.00 por los daños causados a la cortina y el piso; una suma ascendente a $10,000.00 para el reemplazo de su aire acondicionado; $50,000.00 por los daños físicos sufridos; más las angustias y sufrimientos mentales en una cantidad no menor de $50,000.00; y las costas, gastos y honorarios de abogado.

Más adelante, el 19 de diciembre de 2025, el Sr. Meléndez Bermúdez presentó una *Demanda Enmendada*, a los fines de incluir al Consejo de Titulares del Condominio Montecillo Court (Consejo de Titulares) y a su aseguradora, Chubb.[4] Indicó que el Consejo de Titulares incumplió con su deber legal de realizar las inspecciones

---

[3] *Íd.*, Entrada Núm. 1.
[4] *Íd.*, Entrada Núm. 19.

necesarias para determinar si la fuente de la filtración es comunal o privativa. En la alternativa, argumentó que, de haberlo efectuado, se realizó de manera defectuosa. Agregó que sus condiciones médicas oncológicas y neumológicas se han agravado a raíz de las circunstancias del apartamento.

Posteriormente, el 24 de febrero de 2026, Chubb instó una *Moción Solicitando Desestimación Conforme a la Regla 10.2*, en la cual señaló que la *Demanda Enmendada* no expuso alegaciones plausibles en contra del Consejo de Titulares.[5] Sostuvo que el Recurrido se limitó a adoptar por referencia las alegaciones realizadas en contra del matrimonio Clark-Rodríguez y el Sr. Rivera Cueto. Además, insistió en que las alegaciones conclusorias deberán ser descartadas. Por todo lo cual, ante la inexistencia de una imputación de responsabilidad u omisión, procedería la desestimación del pleito a favor de la Peticionaria y el Consejo de Titulares.

Por su parte, el 26 de febrero de 2026, el Recurrido presentó una *Moción Solicitando el Archivo Sin Perjuicio de la Acción Interdictal*, donde informó que, luego de reunido con las partes, estos autorizaron la desestimación de esta causa de acción.[6]

El mismo día, el TPI emitió una *Sentencia Parcial*, conforme a lo solicitado por el Sr. Meléndez Bermúdez.[7] Posteriormente, el 27 de marzo de 2026, el foro primario emitió una *Orden* en la cual denegó la solicitud de desestimación presentada por la Peticionaria.[8] Así las cosas, ordenó la presentación de la alegación responsiva correspondiente.

---

[5] *Íd.*, Entrada Núm. 50.
[6] *Íd.*, Entrada Núm. 53.
[7] *Íd.*, Entrada Núm. 55.
[8] *Íd.*, Entrada Núm. 57.

Inconforme, Chubb radicó ante nos una *Petición de certiorari* el 23 de abril de 2026, donde señaló al TPI la comisión del siguiente error:[9]

> **PRIMERO: ERRÓ EL TPI AL NO DECRETAR QUE LAS ALEGACIONES CONTRA EL CONSEJO DE TITULARES Y CHUBB INCUMPLEN FATALMENTE CON EL CRITERIO DE PLAUSIBILIDAD.**

Por su parte, el 4 de mayo de 2026, el Sr. Meléndez Bermúdez presentó su *Memorando en Oposición a la Expedición de Certiorari.*[10]

## II.

### A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones realizadas por un foro inferior y cuya expedición descansa en la sana discreción del tribunal. *Rivera v. Arcos Dulces,* 212 DPR 194, 207 (2023); *McNeil Healthcare, LLC v. Municipio de Las Piedras*, 206 DPR 391, 403 (2021). La característica distintiva del auto de *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. El concepto *discreción* necesariamente implica la facultad de elegir entre diversas opciones". *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) (énfasis en el original). No obstante, " 'en el ámbito judicial, la discreción no debe hacer abstracción del resto del Derecho. . . . Es decir, *discreción* es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera' ". *Íd.,* (citando a *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009)) (énfasis en el original); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En ese sentido, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), señala los criterios que

---

[9] SUMAC TA, Entrada Núm. 1.
[10] *Íd.,* Entrada Núm. 3.

debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314, 336-337 (2023). La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que esta Curia se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty, supra,* págs. 96-97.

### B.

Bajo nuestro ordenamiento jurídico, una persona puede solicitar la desestimación de una demanda presentada en su contra "cuando surja de las alegaciones de la demanda que alguna defensa afirmativa derrotará la pretensión del demandante". *Eagle Security*

*Police, Inc., v. Dorado*, 211 DPR 70, 83 (2023); Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2. En lo pertinente, el inciso (5) de dicha regla establece que una parte demandada puede fundamentar su petición de desestimación invocando la defensa de que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. Regla 10.2(5) de Procedimiento Civil, *supra*, R. 10.2(5); *Díaz Vázquez v. Colón Pena*, 214 DPR 1135, 1149 (2024); *Trans-Oceanic Life Ins., v. Oracle Corp.*, 184 DPR 689, 701 (2012). De esta forma, la desestimación que se solicita se dirige a atender el caso en sus méritos y no a sus aspectos procesales. *Eagle Security Police, Inc., v. Dorado, supra*, pág. 83; *Montañez v. Hosp. Metropolitano*, 157 DPR 96, 104-105 (2002).

Una vez se radica una moción bajo la Regla 10.2(5) de Procedimiento Civil, *supra,* los tribunales tienen la obligación de tomar como ciertos- y de la forma más favorable para la parte demandante- todos los hechos bien alegados en la demanda y que hayan sido aseverados de forma clara y concluyente. *González Méndez v. Acción Social*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 6ª ed. rev., San Juan, Ed. LexisNexis de Puerto Rico, 2017, pág. 307. Asimismo, los tribunales están llamados a interpretar las alegaciones de forma conjunta, liberal y de la forma más favorable a la parte demandante. *González Méndez v. Acción Social, supra*, págs. 234-235; *Torres, Torres v. Torres Serrano*, 179 DPR 481, 501-502 (2010). Por lo tanto, para que proceda una solicitud de desestimación de esta índole, " 'tiene que demostrarse de forma certera en ella que el demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que se pudiese probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor' ". *Eagle Security Police,*

*Inc., v. Dorado, supra*, pág. 84 (*citando a Rivera Sanfeliz v. Jta. Dir. FirstBank, supra,* pág. 49).

Nótese que nuestro sistema jurídico no establece requisitos complejos para la redacción de una demanda. *Eagle Security Police, Inc., v. Dorado, supra,* pág. 84; Regla 6.5 de Procedimiento Civil, *supra,* R. 6.5. Lo anterior se debe a que "la finalidad del proceso legal está enmarcado en el principio rector de impartir justicia y no en fórmulas técnicas en la redacción de las alegaciones". *Eagle Security Police, Inc., v. Dorado, supra,* pág. 84. Se desprende de la Regla 6.5(a) de Procedimiento Civil, *supra,* R. 6.5(a), que "[c]ada aseveración en una alegación será sencilla, concisa y directa. No se exigirán fórmulas técnicas para la redacción de las alegaciones o mociones. Todas las alegaciones se interpretarán con el propósito de hacer justicia". De igual modo, la Regla 6.1 de Procedimiento Civil, *supra,* R. 6.1, expone que:

> Una alegación que exponga una solicitud de remedio contendrá:
> (1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y
> (2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza.

Así, "el demandante no está obligado a alegar todos los hechos que prueben su caso al incoar una causa de acción, es decir, no tiene que exponer con detalle el trasfondo fáctico en el que basa su reclamación". *Eagle Security Police, Inc., v. Dorado, supra,* págs. 84-85; *Teoniro v. Hospital Dr. Pila,* 159 DPR 777, 784 (2003).

Conforme hubiéramos adelantado, el tribunal deberá determinar si, a base de esos hechos aceptados como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Saint Mary Investments, LLC v. Denton Morales y otros,* 2026 TSPR 32, 217 DPR __ (2026). Es decir, que guíe al juzgador a hacer una inferencia razonable de que el

demandado es responsable de la conducta alegada. R. Hernández Colón, *Derecho Procesal Civil*, 6ta Ed., LexisNexis, Puerto Rico, 2017, pág. 280. Si luego comprende que no se cumple con el estándar de plausibilidad, entonces debe desestimar la acción judicial, pues no puede permitir que proceda una demanda insuficiente bajo el pretexto de que se probarán las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena v. Magic Sport Culinary Corp.*, 213 DPR 523, 534 (2024).

Es harto conocido que "el propósito de las alegaciones es notificarle de forma general a la parte demandada cuáles son las reclamaciones en su contra para que pueda comparecer a defenderse si así lo desea". *Eagle Security Police, Inc., v. Dorado, supra*, pág. 85. Nótese que, las partes pueden formular cuantas reclamaciones o defensas tengan, aunque sean incompatibles e inconsistentes entre sí. *Cobra Aquisitions, LLC v. Municipio de Yabucoa,* 210 DPR 384, 395-396 (2022).

### III.

En el caso que nos ocupa, la Peticionaria nos solicita la revocación de la *Orden* del TPI en la que denegó la *Moción Solicitando Desestimación Conforme a la Regla 10.2*. En su petitorio, sostuvo que las alegaciones presentadas en la *Demanda* no cumplen con el criterio de plausibilidad exigido por nuestro ordenamiento jurídico.

Luego de un análisis objetivo y cuidadoso del expediente original del TPI y del recurso de *certiorari*, nos abstenemos de ejercer nuestra función revisora y de intervenir con la determinación del foro *a quo*. El expediente del caso de epígrafe no evidencia falta alguna atribuible al TPI en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio expresarnos sobre lo resuelto en esta etapa de los procedimientos. Ante la ausencia de razón alguna que mueva nuestro criterio discrecional de expedir el auto de *certiorari,* conforme a la Regla 40 del Reglamento del

Tribunal de Apelaciones, *supra,* denegamos expedir el recurso de *certiorari.*

**IV.**

Por las razones discutidas anteriormente, denegamos expedir el auto de *certiorari* y devolvemos el caso al foro primario para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones